FRANK ATMANCHUCK, Doing Business as FRANK'S MARINE SERVICE, Appellant, *v.* STERLING FOREST CORPORATION, Respondent.

Supreme Court, Appellate Term, First Department, June 7, 1962.

*Harry D. Graham* for appellant. *Davis, Polk, Wardell, Sunderland & Kiendl* (*Roland W. Donnem* of counsel), for respondent.

*Per Curiam.* Though the agreement for the sale of the hoisting unit and the agreement for the pumping unit, which provided both for its rental and for an option for its purchase were within section 85 of the Personal Property Law (see *R & L Co.* v. *Metz,* 175 App. Div. 276, affd. 219 N. Y. 556) there was nevertheless sufficient evidence to establish prima facie acceptance and actual receipt of the goods by the buyer. It is unnecessary to pass on the plaintiff's further contention that the goods were manufactured especially for the buyer and were not suitable for sale to others in the ordinary course of the seller's business. It was error, therefore, to rule that the plaintiff's claim is barred by the Statute of Frauds as a matter of law and to direct judgment for the defendant notwithstanding the verdict finding that the agreement was between the plaintiff and the defendant. There should be a retrial of the entire case at which all the issues may be explored.

The judgment should be reversed and new trial ordered, with costs to appellant to abide the event.

Concur — HECHT, J. P., HOFSTADTER and TILZER, JJ.

Judgment reversed, etc.